UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRADLEY J. KILLAM, | ) | No. CV 07-3006-RC |
| | ) | |
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Bradley J. Killam filed a complaint on May 14, 2007, seeking review of the Commissioner's decision denying his application for disability benefits. The Commissioner answered the complaint on October 16, 2007, and on November 30, 2007, the parties filed a joint stipulation.

**BACKGROUND**

**I**

On January 25, 2005, plaintiff applied for disability benefits under the Supplemental Security Income program ("SSI") of Title XVI of the Act, 42 U.S.C. § 1382(a), claiming an inability to work since

March 1, 2001, due to multiple sclerosis. Certified Administrative Record ("A.R.") 44. The plaintiff's application was denied on June 9, 2006. A.R. 24-29. The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge Dale A. Garwal ("the ALJ") on August 1, 2006. A.R. 30-31, 117-36. On September 20, 2006, the ALJ issued a decision finding plaintiff is not disabled. A.R. 13-22. The plaintiff appealed this decision to the Appeals Council, which denied review on April 9, 2007. A.R. 3-12.

**II**

The plaintiff, who was born on July 12, 1961, is currently 47 years old. A.R. 44. He completed the tenth grade, obtained his GED in prison, and has previously worked as a cab driver, a waterproofer, and at a recycling center. A.R. 124-25.

On May 17, 2005, Sarah Maze, M.D., a neurologist, examined plaintiff and diagnosed him with a **history** of multiple sclerosis and seizures. A.R. 67-70. However, Dr. Maze noted plaintiff "has not had symptoms consistent with [multiple sclerosis] and he does not have any objective findings of multiple sclerosis at this time." A.R. 69-70. Dr. Maze also noted "[i]t is difficult to explain [plaintiff's] work history [of high rise construction projects] with over 20 years with seizures. The history and the [plaintiff's] complaints appear inconsistent in this regard." A.R. 70. Dr. Maze opined plaintiff is able to lift 50 pounds occasionally and 25 pounds frequently, and sit, stand and/or walk for 6 hours out of an 8-hour workday; however, she found plaintiff is precluded from working at heights, around dangerous machinery, or operating a motor vehicle because of the possibility of

seizures. Id.

On May 20, 2005, Edward Ritvo, M.D., a psychiatrist, examined plaintiff and diagnosed him with polysubstance abuse, in remission, and determined plaintiff's Global Assessment of Functioning ("GAF") was 60.[1]  A.R. 74-78.  Dr. Ritvo determined:

> [Plaintiff] has no impairment in ability to understand, remember, or complete simple commands. [He] has no impairment in ability to understand, remember, or complete complex commands. [He] is not impaired in ability to interact appropriately with supervisors, coworkers or the public. [He] is not impaired in ability to comply with job rules such as safety and attendance. [He] is not impaired in ability to respond to change in the normal workplace setting. [He] is not impaired in ability to maintain persistence and pace in a normal workplace setting.

A.R. 78.

On June 6 and June 8, 2005, a nonexamining physician opined plaintiff: can occasionally lift and/or carry up to 50 pounds and climb ramps and stairs; frequently lift and/or carry up to 25 pounds,

---

[1] A GAF of 60 indicates "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)."  American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 34 (4th ed. (Text Revision) 2000).

balance, stoop, kneel, crouch, and crawl; can sit, stand and/or walk for 6 hours in an 8-hour workday; can never climb ladders, ropes or scaffolds; and must avoid concentrated exposure to extreme heat or cold, and all exposure to hazards.  A.R. 80-95.

On June 8, 2005, nonexamining psychiatrist C.H. Dudley, M.D., opined plaintiff has a substance abuse disorder that causes no restriction in his activities of daily living, no difficulty maintaining social functioning or concentration, persistence or pace, and has not caused any episodes of decompensation.  A.R. 100-12. Indeed, Dr. Dudley indicated plaintiff is not significantly limited in any manner by mental difficulties.  A.R. 97-99.  However, plaintiff has been referred to the Los Angeles County Department of Mental Health for treatment of bipolar disorder.  A.R. 115.

**DISCUSSION**

**III**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision.  <u>Ryan v. Comm'r of Soc. Sec.</u>, 528 F.3d 1194, 1198 (9th Cir. 2008); <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035 (9th Cir. 2007).

The claimant is "disabled" for the purpose of receiving benefits under the Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to

4

last, for a continuous period of at least twelve months.  42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).  "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case.  20 C.F.R. § 416.920.  In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 416.920(b).  If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting him from performing basic work activities.  20 C.F.R. § 416.920(c).  If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1.  20 C.F.R. § 416.920(d).  If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform his past work.  20 C.F.R. § 416.920(f).  If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy.  20 C.F.R. § 416.920(g).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since the alleged onset of disability.  (Step One).  The ALJ then found

plaintiff's multiple sclerosis and history of seizures are considered severe impairments (Step Two); however, he does not have an impairment or combination of impairments that meets or equals a Listing. (Step Three). Finally, the ALJ determined plaintiff could perform his past relevant work as a reclaimer; therefore, he was not disabled. (Step Four).

**IV**

"A Social Security claimant has a statutory right, which may be waived, to be represented by counsel before an ALJ." Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam); Skinner v. Astrue, 478 F.3d 836, 841 (7th Cir. 2007); Mendoza v. Barnhart, 436 F. Supp. 2d 1110, 1114 (C.D. Cal. 2006); 42 U.S.C. § 406. However, "[w]aiver of this right to counsel must be knowing and intelligent." Freeman-Park v. Barnhart, 435 F. Supp. 2d 597, 601 (E.D. Tex. 2006); see also Brock v. Chater, 84 F.3d 726, 729 n.1 (5th Cir. 1996) (per curiam) ("An SSI claimant is entitled to adequate notice of his right to counsel at a hearing before an ALJ. Generally, without adequate notice a claimant cannot be held to have validly waived his right to counsel." (citation omitted)). "Thus, even if the claimant states in unequivocal terms that he is waiving his right to counsel, if inadequate notice was provided concerning the scope of the claimant's right, waiver will be deemed invalid." Gullett v. Chater, 973 F. Supp. 614, 620 (E.D. Tex. 1997); Freeman-Park, 435 F. Supp. 2d at 601. "To ensure valid waivers, ALJs must explain to pro se claimants '(1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and

6

required court approval of the fees.'" Skinner, 478 F.3d at 841 (quoting Binion v. Shalala, 13 F.3d 243, 245 (7th Cir. 1994)); Freeman-Park, 435 F. Supp. 2d at 601.

Plaintiff contends he did not knowingly waive his right to counsel at the administrative hearing on August 1, 2006, where the following colloquy took place:

[ALJ]: Now before we start the actual hearing, I see you've had hearings before, I'm going to tell you of your rights to counsel at a hearing like this. And you may know everything that I'm going to say. However, just bear with me because of course I don't know what you know or don't know so for your benefit I'll tell you all these things assuming you don't know these things. Now you're entitled to be represented at this hearing by an attorney or other qualified non-attorney representative. Secondly, there are various organizations that are set up to help people and represent them at no cost to that person. They're usually called something like Legal Aid Service, Legal Service Foundation and so forth.

[Pl.]: Okay.

[ALJ]: Their function is to provide representation at no cost to that person as long as that person doesn't have enough to pay for such representation. And of course they charge no fee. And finally you should be aware of the fact that there [are] many private attorneys [who] do take these cases on a contingency basis. Meaning of course if you win your case

|    |         |                                                                |
|----|---------|----------------------------------------------------------------|
| 1  |         | the attorney gets a fee subject to my approval to make sure    |
| 2  |         | you're not being overcharged, but if you don't win your case   |
| 3  |         | then you pay the attorney nothing.  So we can do one of two    |
| 4  |         | things.  We can go ahead today without you being represented   |
| 5  |         | or if it's your desire I can just give you another date to     |
| 6  |         | come back if you feel, well, maybe I should look around and    |
| 7  |         | see if I could find someone to represent me.  And if you       |
| 8  |         | found someone [who] meets your requirements then you'd come    |
| 9  |         | back with that person and if you didn't then you would just    |
| 10 |         | come back the next time [and] we'd go ahead with the           |
| 11 |         | hearing.  So two things, number one, any questions I can       |
| 12 |         | answer about you being represented and B, what do you wish     |
| 13 |         | to do?                                                         |
| 14 | [Pl.]:  | I've been waiting for this court date for so long, my          |
| 15 |         | paperwork is being shuffled around and I'd rather just         |
| 16 |         | continue on as we, you know, because I've tried Devermont      |
| 17 |         | and Devermont and they just want, they want to postpone it     |
| 18 |         | for another two or three months and I don't want to do that.   |
| 19 |         | I want to get my . . . stuff done here.                        |
| 20 | [ALJ]:  | Okay.                                                          |
| 21 | [Pl.]:  | Because I have –                                               |
| 22 | [ALJ]:  | All right.                                                     |
| 23 | [Pl.]:  | – to go to the hospital and have surgery on my feet and I      |
| 24 |         | don't want that to interfere with – if I postpone it is it     |
| 25 |         | going to interfere with that[?]  I won't be able to make the   |
| 26 |         | appointment because –                                          |
| 27 | [ALJ]:  | All right.                                                     |
| 28 | [Pl.]:  | – I have surgery –                                             |

```
1  [ALJ]:    Then we'll go ahead.  That's okay.
2  [Pl.]:    Okay.
3  [ALJ]:    Okay.  And we'll go ahead without you being represented and
4            I'll do the best I can to make sure all the evidence is
5            brought up in its best light, in your best interest.
6  [Pl.]:    I appreciate it.  Thank you.
```

A.R. 119-21.

Here, although plaintiff was informed of the availability of counsel retained on a contingency basis, and that the ALJ would have to approve any attorney's fees awarded counsel, plaintiff was not informed of how an attorney could assist him in the proceedings or that any attorney's fees would be limited to 25% of past due benefits; therefore, plaintiff did not knowingly and intelligent waive his statutory right to counsel.  See, e.g., Skinner, 478 F.3d at 841 (ALJ erred when he "did not inform [the claimant] of the advantages of representation by counsel or the cap on attorney's fees."); Binion, 13 F.3d at 245 (claimant did not validly waive statutory right to counsel when ALJ did not adequately explain the 25% cap on attorney's fees); Edwards v. Sullivan, 937 F.2d 580, 585-86 (11th Cir. 1991) ("The problem with these disclosures is that none of them informed [the claimant] that any fee awarded would be limited to 25% of her benefits. . . .  Because the notice was flawed, any purported waiver was ineffective."); Freeman-Park, 435 F. Supp. 2d at 601 (claimant's waiver ineffective when claimant was not advised of statutory limitations on attorney's fees).

//

1    Nevertheless, "[l]ack of counsel does not affect the validity of
2 the hearing unless the plaintiff can demonstrate prejudice or
3 unfairness in the administrative proceedings." Key v. Heckler, 754
4 F.2d 1545, 1551 (9th Cir. 1985) (quoting Vidal v. Harris, 637 F.2d
5 710, 714-15 (9th Cir. 1981)); Mendoza, 436 F. Supp. 2d at 1115; see
6 also Hall v. Sec'y of Health, Educ. & Welfare, 602 F.2d 1372, 1378
7 (9th Cir. 1979) ("[E]ven if [plaintiff] did not completely understand
8 his right to representation by counsel, he would not be entitled to
9 relief absent a showing of prejudice, or unfairness in the
10 proceedings."). Here, plaintiff can show prejudice or unfairness in
11 his administrative proceeding because the ALJ, who "has a special duty
12 to fully and fairly develop the record and to assure that the
13 claimant's interests are considered[,]'" Smolen, 80 F.3d at 1288
14 (citation omitted); Widmark v. Barnhart, 454 F.3d 1063, 1068 (9th Cir.
15 2006), failed to develop the administrative record. Higbee v.
16 Sullivan, 975 F.2d 558, 561-62 (9th Cir. 1992); Vidal, 637 F.2d at
17 714; Mendoza, 436 F. Supp. 2d at 1115.

19    At the administrative hearing, plaintiff testified he received
20 extensive medical treatment while incarcerated and on parole, and that
21 he currently receives medical care from the Venice Family Clinic.[2]
22 A.R. 122-23, 126, 128. The plaintiff also stated that he previously
23 submitted his prison and parole records to the Social Security

---

[2] The plaintiff also informed examining physician Dr. Maze that he had received medical treatment, including an MRI, while in prison, A.R. 67, and informed examining psychiatrist Dr. Ritvo that he is seeing physicians at the Venice Clinic and another psychiatric clinic located "downtown," and that he had been prescribed Zoloft, Dilantin, Seroquel, and Depakote. A.R. 74-75.

1  Administration ("SSA") for a prior administrative hearing, but he
2  could not attend the hearing and was forced to file a new application
3  for disability benefits.  A.R. 122.  The ALJ told plaintiff he would
4  "order those prior files and see if [the medical records] could be
5  found."  Id.

7  Although the ALJ apparently tried to obtain plaintiff's prior SSA
8  files, A.R. 16, there is absolutely no indication he attempted to
9  obtain plaintiff's prison medical records or the records from
10 plaintiff's treating physicians, or offered to hold the record open so
11 that plaintiff could obtain these records.  Thus, the administrative
12 record is devoid of any substantive medical records from any of
13 plaintiff's treating sources.  By failing to request plaintiff's
14 medical records from his treating physicians, the ALJ failed to fully
15 and fairly develop the record on behalf of the then-unrepresented
16 plaintiff.  Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003);
17 Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); see also
18 Rosa v. Callahan, 168 F.3d 72, 80 (2d Cir. 1999) (ALJ failed to
19 develop record when he "failed to obtain or attempt to obtain the
20 records of a number of . . . physicians identified by [claimant], both
21 during her testimony and in her meetings with [two examining
22 physicians].").

V

25 When the Commissioner does not apply the proper legal standards,
26 the Court has authority to affirm, modify, or reverse the
27 Commissioner's decision "with or without remanding the cause for
28 rehearing."  42 U.S.C. § 405(g); McCartey v. Massanari, 298 F.3d 1072,

11

1 1076 (9th Cir. 2002). "Generally when a court . . . reverses an
2 administrative determination, 'the proper course, except in rare
3 circumstances, is to remand to the agency for additional investigation
4 or explanation.'" Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir.
5 2004) (citations omitted); Moisa v. Barnhart, 367 F.3d 882, 886 (9th
6 Cir. 2004).  In this case, "[s]ince the [plaintiff] was not
7 represented by counsel and the [ALJ] did not 'scrupulously and
8 conscientiously probe into, inquire of and explore for all relevant
9 facts,' the interests of justice demand that the case be remanded."[3]
10 Vidal, 637 F.2d at 715 (quoting Cox v. Califano, 587 F.2d 988, 991
11 (9th Cir. 1978)); Tonapetyan, 242 F.3d at 1150-51.

### ORDER

IT IS ORDERED that: (1) plaintiff's request for relief is granted; and (2) the Commissioner's decision is reversed, and the action is remanded to the Social Security Administration for further proceedings consistent with this Opinion and Order, pursuant to sentence four of 42 U.S.C. § 405(g), and Judgment shall be entered accordingly.

DATE: August 12, 2008              /s/   ROSALYN M. CHAPMAN
                                         ROSALYN M. CHAPMAN
                                   UNITED STATES MAGISTRATE JUDGE

---

[3] Having reached this conclusion, this Court need not consider plaintiff's other claims, none of which would afford plaintiff greater relief than granted herein.

R&R-MDO\07-3006.mdo
8/12/08

12